## WONG OSHIMA & KONDO
ATTORNEYS AT LAW, A LAW CORPORATION
DAVIES PACIFIC CENTER, SUITE 1600
841 BISHOP STREET
HONOLULU, HAWAII 96813

SIDNEY J. Y. WONG
LEIGHTON K. OSHIMA
AMY R. KONDO

TELEPHONE: (808) 538-0040
FAX: (808) 599-3620

DARLENE Y. F. ITOMURA
BLAKE K. OSHIRO
COLETTE H. GOMOTO

March 14, 2001

**Via Facsimile & U.S. Mail - 522-2255**
Mr. Ty Nojima
RSKCo.
P.O. Box 1320
Honolulu, Hawaii 96807

> Re:  Claimant:    Daniel Backman
> Employer:   First Insurance Co. of Hawaii, Ltd.
> Accident:   07/31/97
> Case No.:   7-99-00534
> RSKCo. No.: 2J029128
> Our File No.: 00-001-32

Dear Mr. Nojima:

We received Dr. Peter Diamond's report and evaluation regarding further surgery (enclosed). He is unable to opine whether the proposed surgery at C4-5 is necessary. According to the interpreting radiologist, Dr. Matthew Yuh, the magnetic resonance imaging ("MRI") showed no significant central canal stenosis or neural foraminal narrowing at C4-5; however, Claimant's treating physician, Dr. Jon Graham opined that the MRI showed bilateral foraminal stenosis at C4-5, worse on the left. Since a dispute exists, Dr. Diamond recommends that before the surgery is performed, electrodiagnostic ("EMG") studies be conducted and that we have the MRI films reviewed by a neuroradiologist to resolve the difference of opinion between Dr. Graham and Dr. Yuh.

Dr. Diamond also questions whether the surgery will resolve Claimant's symptoms because it does not appear that the radiating symptoms which he complains about are specifically attributable to a surgically correctable condition at the C4-5 level. For example, his complaints of neck pain radiating to the bilateral shoulders, left greater than right, with numbness and tingling in th left 4th and 5th fingers are not in the C4-5 distribution. Thus, we should Claimant's attorney, David Robinson, that further testing must be conducted before a determination can be made regarding the surgery. If he does not agree, a hearing may be necessary to determine whether further testing should be conducted.



RECEIVED
MAR 20
RSKCo - HONOLULU

Mr. Ty Nojima
Backman v. First Insurance Co. of Hawaii, Ltd.
March 14, 2001
Page 2

      In a similar case, <u>Shirley Torres v. Special Education Center</u>, Case No. 2-96-15756 where the necessity of a second surgery was at issue, the Disability Compensation Division determined that further diagnostic testing was necessary before a determination regarding surgery could be made. Here, the DCD could rule that an EMG and review of the MRI films are necessary to determine whether surgery is necessary to resolve Claimant's symptoms and whether it is related to the industrial injury.

      Upon your review, please contact us to discuss further. Thank you for your time and attention to this matter. We look forward to hearing from you shortly.

      Very truly yours,

      WONG, OSHIMA & KONDO

      Leighton K. Oshima
      Darlene Y.F. Itomura

LKO\DYFI:dys
Enclosure (1)
g:\rskco\backman\ltrs\021301.adj


RECEIVED

RSKCo - HONOLULU    R 0742