**STATE OF HAWAII**
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
**DISABILITY COMPENSATION DIVISION**
830 PUNCHBOWL STREET, ROOM 209
HONOLULU, HAWAII 96813

Claimant: SURVIVORS OF DANIEL V BACKMAN
94 872 LUMIHOLOI ST
WAIPAHU HI 96797

# DECISION

SUPPLEMENTAL TO AWARD
DATED 10/29/2001

Employer: FIRST INS CO OF HAWAII LTD

Insurance Carrier: RSKCO
ATTN WC CLAIMS
P O BOX 1320
HONOLULU HI 96807

Case No: 79900534 (HON)
D/A: 7/31/97

Further investigation of the above-entitled matter having been made as the Director deems necessary, the Director makes the following

## FINDINGS OF FACT

Pursuant to an Order of the Director dated 10/29/2001, it was determined claimant had suffered a personal injury to the neck by accident arising out of and in the course of employment with the above-named employer on 7/31/97. Said Order provided benefits pursuant to Chapter 386, Hawaii Revised Statutes. Specifically, said Order provided for such medical care, services and supplies as the nature of the injury may require, temporary total disability benefits beginning (waiting period: 1/4/99 through 1/6/99) 1/7/99 through 4/23/99; 11/2/99 through 1/10/2000; and beginning 1/18/2000 and terminating when the Director determined that such disability had ended. The matters of permanent disability and disfigurement were to be determined at a later date. The recommended treatment proposed by Jon Graham, M.D., was approved. The average weekly wages of the claimant were $928.85. The Director's decision was not appealed.

On 1/2/2002, decedent died accidently from the toxic effects of his medications. His demise was not caused by decedent's willful intention to injure himself or another or by his intoxication. Decedent left the following dependents entitled to compensation benefits under Sections 386-41,

DANIEL V BACKMAN (DECEASED) (79900534 HON)
Page 6

minor dependent children are awarded death benefits pursuant to Sections 386-41 through 386-43, HRS. Apportionment of death benefits with the Fund, if appropriate, shall be determined at a later hearing.

The Director determines that employer shall reimburse claimant's attorney for the cost of the ratings by Dr. Langworthy and Dr. Lind since they are the only ratings in file and were used in determining the above award. However, the Director does not find it appropriate to assess employer 25% of claimant's attorney's fees and costs under Section 386-93(a), HRS.

Thereupon the Director makes the following

### DECISION

1. Pursuant to Sections 386-21 and 386-26, HRS, said employer shall pay for such medical care, services and supplies as the nature of the neck injury and resulting chronic pain syndrome may require, to include treatments through decedent's untimely demise on 1/2/2002.

2. Pursuant to Section 386-31(b), HRS, said employer shall pay to claimant weekly compensation of $501.00 for temporary total disability from work beginning 1/7/99 through 4/23/99; 11/2/99 through 1/10/2000; 1/18/2000 through 1/2/2002; for 127.5714 weeks, for a total of $63,913.27.

3. Pursuant to Section 386-32(a), HRS, said employer shall pay to surviving spouse weekly compensation of $501.00 for 47% permanent partial disability of the whole person (37% cervical and 10% psychiatric) beginning 1/3/2002 for 119.6000 weeks, for a total of $59,919.60 as a result of an offset in the amount of $13,547.04 previously paid to decedent for a cervical condition.

4. Pursuant to Section 386-32(a), HRS, said employer shall pay to surviving spouse one lump sum of $500.00 for disfigurement as follows: 4 cm x 1 mm surgical scar, anterior neck; 4 cm x 2 mm donor site scar, left iliac crest.

5. Pursuant to Section 386-41(a), HRS, said employer shall pay funeral expenses not to exceed $5,010.00 to the mortician and burial expenses not to exceed $2,505.00 to the cemetery.

6. Pursuant to Sections 386-41 through 386-43, HRS, said employer shall pay to Julia M. Backman, widow; Kelly K.V. Backman, minor dependent daughter; and Jodi L.Y. Backman, minor dependent daughter, weekly compensation of $501.00 for death benefits beginning 1/3/2002 through 12/26/2007, for 312.0000 weeks, for a total of $156,312.00.

7. Pursuant to Sections 386-41 through 386-43, HRS, said employer shall pay to Julia M. Backman, widow, for the

R 0547

DANIEL V BACKMAN (DECEASED) (79900534 HON)
Page 7

   benefit of Kelly K.V. Backman, minor dependent daughter and
   Jodi L.Y. Backman, minor dependent daughter, weekly
   compensation of $501.00 for death benefits beginning
   12/27/2007 through 5/13/2011, for 176.2857 weeks, for a
   total of $88,319.14.

8. Pursuant to Sections 386-41 through 386-43, HRS, said
   employer shall pay to Julia M. Backman, widow, for the
   benefit of Jodi L.Y. Backman, minor dependent daughter,
   weekly compensation of $300.58 for death benefits beginning
   5/14/2011 through 9/17/2016, for 279.1429 weeks, for a
   total of $83,904.77.

9. The claim for an assessment of 25% of claimant's attorney's
   fees and costs of this proceeding against employer is
   hereby denied.

10. The matters of apportionment of permanent disability and
    death benefits, if appropriate, shall be determined at a
    later date following a separate hearing.

11. Employer shall reimburse claimant's attorney for the cost
    of James R. Langworthy, M.D.'s 11/1/2002 rating report
    ($1,562.40) and Dennis B. Lind, M.D.'s 7/17/2002 rating
    report ($390.32).

Duration of dependents' benefits is subject to limitations provided
under Chapter 386, HRS.

BY ORDER OF THE DIRECTOR, JUNE 25, 2003.

                    Original signed by
                    JANICE T. CHUN
                         Administrator

APPEAL: This decision may be appealed by filing a written notice of appeal with the
Director of Labor and Industrial Relations or the Director's county representative within
twenty days after a copy of this decision has been sent.

It is the policy of the Department of Labor and Industrial Relations that no person shall
on the basis of race, color, sex, marital status, religion, creed, ethnic origin,
national origin, age, disability, ancestry, arrest/court record, sexual orientation, and
National Guard participation be subjected to discrimination, excluded from participation,
or denied the benefits of the department's services, programs, activities, or employment.