LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD

STATE OF HAWAII

| | |
|---|---|
| SURVIVORS OF DANIEL V. BACKMAN, DECEASED,<br>    Claimant-Appellee,<br>vs.<br>FIRST INSURANCE COMPANY OF HAWAII, LTD.,<br>    and<br>RSKCO,<br>    Employer/Insurance Carrier-Appellant. | CASE NO. AB 2003-328(M)<br>(7-99-00534)(HON) |

## AMENDED DECISION AND ORDER

This workers' compensation case is before the Board on appeal by FIRST INSURANCE COMPANY OF HAWAII, LTD., and its insurance carrier, RSKCO, (collectively "Employer") from the decision of the Director of Labor and Industrial Relations, dated June 25, 2003. In that decision, the Director, pursuant to Hawaii Revised Statutes ("HRS") §386-32 and/or §386-34, awarded, among other things, permanent partial disability ("PPD") benefits and disfigurement in the sum of $500.00 to the widow and two minor daughters of Daniel V. Backman (collectively "Survivors"). The Director also awarded death benefits to the Survivors, pursuant to HRS §386-41 and §386-43.

Pursuant to the Board's pre-trial order, filed on September 3, 2003, the issues to be determined on appeal are:

A 02131

the deceased worker for support are entitled to death benefits. Under HRS §386-41(a), either the dependents or the deceased worker's estate is entitled to funeral and burial allowances. Under HRS §386-41(b), dependents of the deceased worker are entitled to weekly death benefits. Weekly death benefits are calculated in a manner similar to the calculation of weekly PPD benefits that would have been paid to the employee had he lived. HRS §386-41(c). There is nothing in HRS §386-41, §386-42, or §386-43 that entitles dependents to receive unpaid PPD benefits after the death of the injured worker from work-related causes.

### Survivors Not Entitled to PPD under HRS §386-34

In this case, we conclude that the Director's award of PPD benefits payable to Survivors pursuant to HRS §386-34 was wrong. Under this provision, surviving dependents are entitled to any unpaid balance of PPD benefits only when the injured worker dies from causes unrelated to the work injury. Since the death in this case was found to be compensable, HRS §386-34 does not apply. Rather, benefits payable to Survivors are governed by HRS §386-41.

### Survivors Not Entitled to PPD Under HRS §386-32

We further conclude that the Director's award of PPD benefits payable to Survivors pursuant to HRS §386-32 was also wrong. The plain and unambiguous language of this provision

-7-

A 02137

ORDER

Partial summary judgment is hereby granted in favor of Employer. Survivors' cross motion for partial summary judgment is denied. Accordingly, the decision of the Director, dated June 25, 2003, is reversed, in part, as to Survivors' entitlement to PPD benefits.

Dated: Honolulu, Hawaii, JUN 3 0 2004.

_____
RANDALL Y. IWASE, Chairman

_____
CAROL K. YAMAMOTO, Member

_____
VICENTE F. AQUINO, Member


Leroy T. Kuwasaki, Jr., Esq.
    Co-counsel for
    Claimant-Appellee

Robin R. Horner, Esq.
    Co-counsel for
    Claimant-Appellee

Catherine L. Wiehe, Esq.
    for Employer/Insurance
    Carrier-Appellant

A 02140

A certified copy of the foregoing was mailed to the above-captioned parties or their legal representative on JUN 3 0 2004.

-10-

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in this office.

_____