**STATE OF HAWAII**
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
DISABILITY COMPENSATION DIVISION
830 PUNCHBOWL STREET, ROOM 209
HONOLULU, HAWAII 96813

Claimant: SURVIVORS OF DANIEL V BACKMAN
P O BOX 701035
KAPOLEI HI 96709-1035

# DECISION

SUPPLEMENTAL TO AWARD
DATED 10/29/2001

Employer: FIRST INS CO OF HAW LTD
ATTN PAYROLL DEPT
BOX 2866
HONOLULU HI 96803

Insurance Carrier: RSKCO
ATTN WC CLAIMS
P O BOX 1320
HONOLULU HI 96807

Case No: 79900534 (HON)
D/A: 7/31/1997

Further investigation of the above-entitled matter having been made as the Director deems necessary, the Director makes the following

## FINDINGS OF FACT

Pursuant to an Order of the Director dated 6/25/2003, it was determined that decedent's surviving dependents were entitled to permanent partial disability and disfigurement. The Director further determined the decedent's demise was compensable and that decedent's surviving dependents were entitled to death benefits pursuant to Section 386-41, HRS, Section 386-42, HRS, and Section 386-43, HRS.

Employer and its workers' compensation insurance carrier, hereinafter employer, appealed the Director's decision on 7/14/2003. Employer filed a motion for stay of payments at the Labor and Industrial Relations Appeals Board (LAB) on 7/24/2003. After having heard the Motion for Stay of Payment, the LAB granted a partial stay of payment. The permanent partial disability awarded by the Director in his decision dated 6/25/2003 was stayed. All other provisions of the Director's decision were to remain in effect.

On 10/23/2003, the LAB issued an order denying claimant's Motion to Reconsider the Partial Stay filed on 9/8/2003 on the LAB's 8/29/2003 partial stay order. On 11/19/2003, the LAB issued a Decision and Order determining that the Director erred in awarding decedent's surviving dependents permanent partial disability benefits pursuant to Section 386-32, HRS, and 386-34, HRS, and 386-41, HRS.

33

B 0423

DANIEL V BACKMAN, DECEASED  (79900534)
Page 4

As a result of the partial stay of payment and the pre-trial order, the Director determines that compensation awarded with the exception of the stayed permanent partial disability benefit award became due within 31 days of 8/29/2003. Based upon the record, payment of compensation initiated on 10/3/2003 was late for death benefit payments for the period 1/3/2002 through 10/1/2003 ($45,591.00). Other benefits that the Director determined to be paid late were disfigurement ($500.00) and funeral and burial expenses ($7,515.00). The Director determines that a 20% penalty is appropriate on these untimely paid compensation benefit payments. Employer is assessed a penalty of $10,721.20 for late payment of compensation.

The Director does not find it appropriate to assess a 20% penalty on the cost of the impairment ratings. Costs of impairment ratings are customarily borne by employer to finalize a claim for compensation and are not compensation payable to an injured worker. In this case, since claimant obtained the ratings and they were credited in arriving at an award for permanent partial disability that was denied by the appellate board, the 20% penalty on the reimbursable medical expense is denied.

The Director determines that employer's late payment of compensation was not due to reasons beyond employer's control. As such, employer is assessed attorney's fees and costs of this proceeding, subject to the Director's approval.

Thereupon the Director makes the following

DECISION

1. Pursuant to Section 386-386-41, HRS, 386-42, HRS, 386-43, HRS, and 386-92, HRS, said employer is assessed a penalty in the amount of $10,721.20 (being 20% penalty on defaulted death benefit payments of $45,591.00, 20% penalty on defaulted funeral and burial expenses of $7,515.00, and 20% penalty on defaulted $500.00 disfigurement) payable to decedent's surviving dependents in addition to previously awarded benefits.

2. The claimant's request for a 20% penalty on reimbursement of the costs of the ratings by Drs. Langworthy and Lind is hereby denied.

3. Pursuant to Section 386-93(a), HRS, said employer is assessed attorney's fees and costs, subject to the approval of the Director.

4. This case is hereby transmitted to the Labor and Industrial Relations Appeals Board for further proceedings, as it deems appropriate.