FEB 07 '06 10:12    FROM:Wong & Oshima    +1-808-599-3620    T-399  P.02/06  F-986

**STATE OF HAWAII**
**DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**DISABILITY COMPENSATION DIVISION**
830 PUNCHBOWL STREET, ROOM 209
HONOLULU, HAWAII 96813

Claimant: SURVIVORS OF DANIEL V BACKMAN
PO BOX 701035
KAPOLEI HI    96709

Employer: FIRST INS CO OF HAW LTD

**DECISION**
SUPPLEMENTAL TO AWARD
DATED 10/29/2001

Insurance Carrier: CNA
ATTN WC CLAIMS
PO BOX 1320
HONOLULU HI    96807

WORKERS COMPENSATION SPECIAL FUND
ATTN DEPUTY ATTORNEY GENERAL
425 QUEEN ST THIRD FLOOR
HONOLULU HI    96813

Case No: 79900534
D/A: 7/31/1997

## INTRODUCTION

Pursuant to an Order of the Director dated 10/29/2001, it was determined claimant had suffered a personal injury to the neck by accident arising out of and in the course of his employer on 7/31/1997. Said Order provided benefits pursuant to Chapter 386, HRS. Specifically, said Order provided for such medical care, services and supplies as the nature of the injury may require, temporary total disability benefits beginning (waiting period: 1/4/1999 through 1/6/1999) 1/7/1999 through 4/23/1999; 11/2/1999 through 1/10/2000, and beginning 1/18/2000 and terminating when the Director determined that such disability had ended. The matters of PPD and disfigurement, if any, were to be determined at a later date.

Pursuant to an Order of the Director dated 6/25/2003, it was determined claimant sustained 47% PPD of the whole man and certain disfigurement. It was also determined that claimant died accidentally from the toxic effects of his medications and awarded death benefits to claimant's spouse and dependent children pursuant to Sections 386-41, 386-42, and 386-43, HRS. The matters of apportionment of permanent disability and death benefits were left on a to-be-determined basis.

On 7/14/2003, the parties appealed the 6/25/2003 Order of the Director.

EXHIBIT 34

WC 10A (Rev 7/00)

DANIEL V BACKMAN, DECEASED  (79900534)
Page 2

On 1/8/2004 and again on 2/11/2005, the LAB issued an Order remanding the proceedings to the Director to determine jurisdictional matters, employer's default in payment of compensation, extent of penalties if employer defaulted in payment of compensation, whether claimant was entitled to attorney's fees and costs and contribution from the SCF.

A hearing presided over by Hearings Officer Fukumoto was held on 12/15/2005 to determine the issues upon remand and other related issues.

### ISSUES

Is the employer entitled to contribution from the Special Compensation Fund pursuant to Section 386-33, HRS?

Was the employer in violation of not meeting timely payments pursuant to Section 386-92, HRS?

Was the employer in compliance with Section 386-124.5, and 386-53, HRS?

Are the survivors entitled to penalties, attorney's fees and costs if the employer was in violation of Sections 386-53, 386-92, and 386-124.5, HRS?

### PARTIES' POSITIONS

The employer requested apportionment from the Special Compensation Fund pursuant to Section 386-33, HRS, because the claimant had a prior neck injury in 1988 for which he received a settlement award of $13,547.04. When the 1988 and 7/31/1997 injuries are combined, the employer sated they have qualified for contribution form the SCF to pay either PPD or death benefits.

The employer acknowledged that since the 2/11/2004 Order of the Director, they have paid most of the benefits on a timely basis. The employer stated that only the checks for the period 9/8/2005 through 10/19/2005 were untimely because the adjuster handling this file was not available. Subsequently, a part-time adjuster was assigned to this case. The part-time adjuster may have been a little tardy when sending out the checks. This situation does not warrant an assessment of attorney's fees, costs, and penalties.

The survivors and the Special Compensation Fund both stated the employer should not be allowed any apportionment in this matter pursuant to Section 386-33, HRS.

The survivors further stated the employer should be assessed penalties and sanctions for late payment of death benefits. The claimant stated the Director's previous Orders required that dependent's benefits be paid weekly. The claimant also stated that pursuant to Section 386-124.5, HRS, requires carriers to maintain a local bank account in this state to add assurance of timely payment. In this matter the carrier paid benefits every two weeks and mailed its checks from Chicago, Illinois at the end of each two-week period. The survivors last received a check dated 9/2/2005 for the period from 8/25/2005 through 9/7/2005. The check for the period 9/8/2005 through 10/19/2005 was not submitted until after 10/20/2005.

DANIEL V BACKMAN, DECEASED   (79900534)
Page 4

## CONCLUSIONS OF LAW

The Director finds that, based on the Findings of Fact and Principles of Law, the employer is entitled to contribution from the Special Compensation Fund for the 7/31/1997 injury. The Director credits the records in file that claimant's prior injury of 10/12/1988 was sufficient to meet the qualifications of Section 386-33, HRS.

The Director further finds that, based on the Findings of Fact and Principles of Law, the employer was untimely in making payments to the claimant's survivors for the period 9/8/2005 through 10/19/2005. The 20% penalty will be assessed against this amount.

The Director finds that, based on the Findings of Fact and Principles of Law, the employer shall also be required to assume attorney's fees and costs for this proceeding. The Director determines that the employer's failure to make timely payments was without good cause.

The Director finds that, based on the Findings of Fact and Principles of Law, the employer is held to be in violation of Section 386-124.5, HRS. The Director credits the claimant's testimony.

The Director finds that, based on the Findings of Fact and Principles of Law, the employer is not in violation of Section 386-53, HRS. The Director credits the employer's testimony.

## DECISION AND ORDER

1.  Pursuant to Section 386-33, HRS, the employer is entitled to contribution from the Special Compensation Fund.

2.  Pursuant to Section 386-92, HRS, said employer shall pay to survivors a 20% penalty for untimely payments for the period 9/8/2005 through 10/19/2005 for a total of $601.20.

3.  Pursuant to Section 386-93(a), HRS, said employer is assessed attorney's fees and costs, subject to the approval of the Director.

4.  Pursuant to Section 386-124.5, HRS, the employer is found to be in violation.

5.  The employer is not in violation of Section 386-53, HRS.

6.  This case is hereby transmitted to the Labor & Industrial Relations Appeals Board for a hearing and determination of all issues on appeal.