

ORIGINAL

LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
BONNIE L. MOORE  7138-0
EDQUON LEE  3845-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
         sreinke@lbchlaw.com
         bmoore@lbchlaw.com
         elee@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

LODGED FEB 14 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 21 2006
at 9 o'clock and 29 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually and on Behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN, Minors,<br><br>Plaintiffs,<br><br>vs.<br><br>RSKCO SERVICES, INC., a Illinois corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | CIVIL NO. 04-00348 (HG KSC)<br>(Contract)<br><br>SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS |

15941 STIP 02 PEL

```
PARTNERSHIPS 1-10, DOE          )
CORPORATIONS 1-10; DOE          )
LIMITED LIABILITY               )
ENTITIES 1-10; DOE              )
"NON-PROFIT" CORPORATIONS       )
1-10; and DOE GOVERNMENTAL      )
ENTITIES 1-10,                  )
                                )
                 Defendants.    )
                                )
```

## SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

### OBJECTIVE

To facilitate the release of records containing protected health information and/or other private and confidential information of Plaintiffs JULIA M. BACKMAN, individually and on Behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN (collectively referred to as "Plaintiffs"), Minors to the parties in the above-entitled legal proceeding for purposes of discovery, case evaluation and preparation for arbitration, mediation, settlement and/or trial while ensuring the confidentiality of information contained in the files of the Department of Human Services, State of Hawaii ("DHS"), as set forth in Section 350-1.4 of the Hawaii Revised Statutes and of the confidentiality

of information contained in the files of the Department of Labor and Industrial Relations, State of Hawaii ("DLIR").

## STIPULATION

It is hereby stipulated and agreed by and between the respective parties hereto, through their respective counsel, that Plaintiffs' confidential information concerning and/or relating to JULIA M. BACKMAN, DANIEL VERNON BACKMAN, KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN (collectively referred to as "Backmans") contained in files maintained by DHS and DLIR is confidential information and, therefore, the disclosure of this information shall be conducted pursuant to the following terms, restrictions and conditions.

1. Backmans' confidential DHS and DLIR information shall be disclosed only to each counsel of record in this action and to other individuals, including other attorneys, employees, agents, insurance company personnel and retained experts, who are employed by or assist the counsel of record in the preparation for and/or at the trial of this action. Backmans' confidential DHS and DLIR information may also be disclosed as reasonably necessary and/or required to arbitrators, mediators, the Court, authorized Court personnel and to members of an empanelled jury in this proceeding.

2. Consistent with the stated Objective of this Order, the counsel of record for each party shall be responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of Backmans' confidential DHS and DLIR information.

3. Within sixty (60) days following the conclusion of this action, including the exhaustion of any appeals, each party's counsel shall retrieve all of Backmans' confidential DHS and DLIR information that was supplied to an arbitrator and/or mediator and/or expert in this proceeding, and counsel for each party shall:

(a) return all copies of Backmans' confidential DHS and DLIR information to Plaintiffs' counsel, except for the records described in paragraph 5; and/or

(b) provide satisfactory assurances to Plaintiffs and their counsel that, except for the records described in paragraph 5, all copies of Backmans' confidential DHS and DLIR information not returned, including, but not limited to, all copies stored on electronic, photographic, and/or any other media, and all writing and data compilations thereof, have been destroyed.

4. All of Backmans' confidential DHS and DLIR information shall be used solely for the purpose of litigating and/or pursuing a settlement of this

action. Except for the limited purposes described herein and in paragraph 5, any other use of Backmans' confidential DHS and DLIR information is prohibited.

5. Nothing herein is intended to effect, nor shall it effect:

(a) the health information collection, maintenance, and record keeping obligations of DHS and DLIR or any health care provider-party or health care entity-party herein that is imposed by state and/or federal law, and which may conflict with the terms of this Order; and/or

(b) the maintenance and record keeping obligations of any insurance carrier involved in this proceeding which may conflict with the terms of this Order.

6. The production of Backmans' confidential DHS and DLIR information shall not constitute a waiver of any attorney-client privilege or other claim or right of withholding or confidentiality that he may have.

7. This Court shall retain jurisdiction to enforce this Order. Subject to any contrary provision of federal law, no citation, contempt or other sanction shall be imposed pursuant to Hawaii law without a hearing and proof to the satisfaction of the Court that Backmans' confidential DHS and DLIR information was improperly disclosed.

8. Neither the termination of this action nor the termination of employment of any person who has had access to any of Backmans' confidential

DHS and DLIR information or the contents thereof shall relieve any such person from the obligation of maintaining the confidentiality of such information.

9. Each counsel who requests via a subpoena duces tecum and/or by any other means any of Backmans' confidential DHS and DLIR information shall attach a true, accurate and legible photocopy of the filed Second Stipulated Qualified Protective Order for Records of the Department of Human Services and Department of Labor and Industrial Relations as an exhibit to each such request.

10. The Court hereby orders DHS and DLIR to produce all requested records relating to JULIA M. BACKMAN, DANIEL VERNON BACKMAN, KELLY KEIKO VALENE BACKMAN and/or JODI LEIGH YACHIYO BACKMAN in accordance with Hawaii law.

DATED: Honolulu, Hawaii, _____FEB 14 2006_____.

_____
GEORGE W. BRANDT
STEFAN M. REINKE
BONNIE L. MOORE
EDQUON LEE
Attorneys for Defendant
RSKCO SERVICES, INC.

---

Julia M. Backman, et al. v. RSKCO Services, Inc., et al., Civil No. 04-00348 (HG KSC), United States District Court, District of Hawaii, SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

_____
ROBERT D. KAWAMURA
Attorney for Plaintiffs
JULIA M. BACKMAN, individually
and on Behalf of the ESTATE OF
DANIEL VERNON BACKMAN, and
as Next Friend to KELLY KEIKO
VALENE BACKMAN and JODI
LEIGH YACHIYO BACKMAN,
Minors


APPROVED AND SO ORDERED:


_____
JUDGE OF THE ABOVE-ENTITLED COURT




_____
Julia M. Backman, et al. v. RSKCO Services, Inc., et al., Civil No. 04-00348
(HG KSC), United States District Court, District of Hawaii, SECOND
STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE
DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR
AND INDUSTRIAL RELATIONS