LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
BONNIE L. MOORE  7138-0
EDQUON LEE  3845-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
        sreinke@lbchlaw.com
        bmoore@lbchlaw.com
        elee@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIA M. BACKMAN, individually and on Behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN, Minors, | ) ) ) ) ) ) ) | CIVIL NO. 04-00348 (HG KSC) (Contract) <br><br> DEFENDANT RSKCO SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY |
| Plaintiffs, | ) ) | JUDGMENT; CERTIFICATE OF SERVICE |
| vs. | ) ) | Hearing: |
| RSKCO SERVICES, INC., a Illinois corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | ) ) ) ) | Date:   March 29, 2006 <br> Time:   9:30 a.m. <br> Judge:  Kevin S.C. Chang |

15941 MEMO 02 PEL

PARTNERSHIPS 1-10, DOE          )
CORPORATIONS 1-10; DOE          )
LIMITED LIABILITY               )
ENTITIES 1-10; DOE              )
"NON-PROFIT" CORPORATIONS       )
1-10; and DOE GOVERNMENTAL      )
ENTITIES 1-10,                  )
                                )
            Defendants.         )
                                )
_____ )

## DEFENDANT RSKCO SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant RSKCO SERVICES, INC. ("RSKCO") hereby submits its

Reply Memorandum in Support of its Motion for Summary Judgment.


I.        DISCUSSION

          A.    The Prior Workers' Compensation Decisions Are Not Law Of
                The Case For Purposes Of This Litigation

"[L]aw of the case is an amorphous concept. As most commonly

defined, the doctrine posits that when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the

same case. Law of the case directs a court's discretion, it does not limit the

tribunal's power." Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382

(1983) (citation and footnote omitted). "Under law of the case doctrine, as now

most commonly understood, it is not improper for a court to depart from a prior

holding if convinced that it is clearly erroneous and would work a manifest injustice." Id. at 618, 103 S. Ct. 1382 n. 8.

As Justice Holmes expressed it, "[T]he phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." (citation omitted) Messenger v. Anderson, 225 U.S. 436, 444, 32 S. Ct. 739 (1912). The law of the case "is a jurisprudential doctrine under which an appellate court does not reconsider matters resolved on a prior appeal." Jeffries v. Wood, 114 F.3d 1484, 1488-89 (9th Cir.) (en banc), cert. denied, 522 U.S. 1008, 118 S. Ct. 586, 139 L. Ed. 2d 423 (1997).

The Hawaii Supreme Court described the doctrine of "the law of the case" in the following manner:

> a determination of a question of law made by an
> appellate court in the course of an action becomes the
> law of the case and may not be disputed by a reopening
> of the question at a later stage of the litigation . . . The
> doctrine applies to issues that have been decided either
> expressly or by necessary implication . . . Further, the
> law of the case concept applies to single proceedings, and
> operates to foreclose re-examination of decided issues
> either on remand or on a subsequent appeal but does not
> encompass issues presented for decision but left
> unanswered by the appellate court.

Ditto v. McCurdy, 98 Haw. 123, 128, 44 P.3d 274, 279 (2002) (citations and internal quotation marks omitted).

Plaintiffs contend that the Department of Labor and Industrial Relations, Disability Compensation Division's ("DCD"), October 29, 2001 Decision and the June 25, 2003 Decision establish the law of the case. See page 6 of Plaintiffs' Opposition. However, the law of the case doctrine is not applicable to the instant case because the instant case is a new case, not the same DCD proceeding involving the actual workers' compensation claim. Thus, this court is not bound by the DCD findings and decisions as it relates to RSKCO's handling of Mr. Backman's workers' compensation claim. The DCD decisions all refer to the employer and the employer's obligations. None of the DCD decisions refer to RSKCO. None of the DCD decisions determined whether RSKCO acted properly or improperly.

The issues in this litigation were not addressed or a part of the workers' compensation case. There was never a claim, and the DCD never determined that RSKCO acted in bad faith or improperly handled Dr. Jon Graham's surgical request. There was never a determination that RSKCO intentionally withheld medical information from the reviewing IME physicians in order to influence their opinions. The DCD never determined that Dr. Graham's surgical request was deemed approved as a matter of law due the lack of a denial within

7 days of the request.  The DCD never determined that Mr. Backman's death was caused by the conduct of RSKCO or the delay in surgery.  All the DCD determined in its decisions was the entitlement to receive workers' compensation benefits.

Furthermore, the practice of the DCD in issuing decisions is to set forth the claimant's and then the employer's respective positions in its "Findings of Fact."  The so called "Findings of Fact" are merely a recital of the factual arguments of each party but are not factual findings made by the DCD in rendering its decision.  In each decision, the claimant's arguments start with the phrase "claimant states" and concludes at the paragraph setting forth the employer's arguments with the statement "employer states."

The DCD's actual factual findings and conclusions are set forth near the end of a decision at the paragraph beginning with "Upon review of the entire matter. . . ."

Moreover, there is a presumption in favor of compensability in workers' compensation cases that is not applicable or present in civil cases.  Hawaii Revised Statutes ("HRS") Section 386-85 provides that it shall be presumed in the absence of substantial evidence to the contrary that a claim is for a covered work injury and that the injury was not caused by the employee claimant's willful intention to injure himself or by his intoxication.  In civil cases, a plaintiff has the burden of proving his case by a preponderance of the evidence.  In workers'

compensation cases, the employer has the burden of rebutting with substantial evidence the presumption in favor of the employee's claim.

Accordingly, the DCD decisions are not law of the case as they relate to the claims brought in this lawsuit against RSKCO.

B.      There Is No Bad Faith Cause Of Action Against RSKCO

Plaintiffs agree that RSKCO was an independent adjusting company. See page 5 of Plaintiffs' Opposition. In Best Place, Inc. v. Penn American Insurance Co., 82 Hawaii 120, 920 P.2d 334 (1996), the Hawaii Supreme Court followed California law in recognizing the bad faith cause of action. California does not recognize the bad faith cause of action against an adjuster. Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal. App. 4th 249, 84 Cal. Rptr. 2d 799 (1999).

Plaintiffs appear to confuse the bad faith cause of action against an insurer with the cause of action against an independent adjuster. The cases cited by Plaintiffs, such as Best Place, supra, and Noble v. National American Life Ins. Co., 128 Ariz. 188, 624 P.2d 866 (1981), all involve claims against the insurer. Therefore, the cases cited by Plaintiffs are not applicable to the instant case in determining whether a bad faith cause of action exists against RSKCO.

The Hawaii Supreme Court has only recognized the bad faith cause of action where there has been a relationship established by contract with the plaintiff

either as the insured or third-party beneficiary of the insured.  <u>Best Place, Inc. v.</u>

<u>Penn America Insurance Company</u>, 82 Hawaii at 131, 920 P.2d at 345; <u>Hough v.</u>

<u>Pacific Insurance Company, Ltd.</u>, 83 Hawaii 457, 927 P.2d 858 (1996).

Plaintiffs contend that since they are third-party beneficiaries of the

workers' compensation policy between First Insurance Company of Hawaii, Ltd.

("First Insurance") and Continental Casualty Company ("Continental Casualty"),

RSKCO, as Continental Casualty's agent, is liable for bad faith.  However,

Plaintiffs ignore the requirement set forth in <u>Best Place</u> that the relationship

between Mr. Backman and RSKCO must be established by contract before they

can be a third-party beneficiary.  In the instant case, RSKCO was not a party to the

workers' compensation policy or any contract with Plaintiffs.

C.    <u>Expert Testimony is Required to Establish Bad Faith</u>

Plaintiffs contend that expert testimony is not required to establish

that RSKCO acted in bad faith and caused Plaintiffs' injuries.  <u>See</u> pages 14-19 of

Plaintiffs' Opposition. RSKCO will address each of Plaintiffs arguments below.

1.    <u>Plaintiffs assert that Hawaii Administrative Rules,</u>

<u>Rule 12-15-51(b) sets forth the applicable the standard of care</u>.  Rule 12-15-51(b)

does not set forth or describe claims handling procedures, nor does it establish the

customary practice of Hawaii workers' compensation adjusters in the handling of a

request for surgery in cases where a medical review is requested by the adjuster

and the process for addressing the surgical request pending said medical review.

Furthermore, a violation of statute can only at most be considered evidence of

negligence but not negligence per se and certainly not evidence of bad faith.

Leovsky v. Carter, 70 Haw. 419, 432-433, 773 P.2d 1120, 1128 (1989).  In the

instant case, the DCD did not find that the employer violated Rule 12-15-51(b) in

light of all the communications with Mr. Backman's attorney regarding the need for

a review by Drs. Diamond and Holmes.  As such, expert testimony is required to

establish that RSKCO breached the standard of care in handling the surgical

request.

      2.     Plaintiffs contend that expert testimony is not required to show

that RSKCO failed to reject the surgical request within 7 days.  As mentioned

above, the DCD never found that employer was liable for the surgery because it

failed to respond within 7 days to Dr. Graham's surgical request.  Mr. Backman's

counsel, David Robinson, never took the position that RSKCO was compelled to

authorize the surgery because it failed to reject the surgical request within 7 days.

In fact, Mr. Robinson continued to cooperate with Wong, Oshima & Kondo's

("WOK") efforts to obtain a second opinion regarding the need for surgery at C4-5,

which included the review by Dr. Holmes.  Expert testimony is required to prove

that the alleged failure to deny the surgical request within 7 days constitutes bad

faith.

3.    Plaintiffs contend that no expert will testify that disobeying the
law constitutes acceptable practice.  RSKCO's expert, Robert Kessner, will testify
that RSKCO met the standard of care in addressing Dr. Graham's surgical request.
RSKCO did not violate the law.

4.    Plaintiffs contend that the DCD already determined that
RSKCO failed to deny the request within 7 days.  As discussed above, there is no
such finding by the DCD.

5.    Plaintiffs contend that the DCD determined that RKSCO was
liable for the surgery and that Mr. Backman's death was compensable.  The finding
that Dr. Graham's surgical request was appropriate does not result in a finding that
RSKCO acted in bad faith in denying the request.  The fact that the DCD
determined that Mr. Backman's death was related to his original neck injury does
not result in a finding that RSKCO's conduct caused his death. As discussed above,
the DCD decisions are not law of this case. Expert testimony is required to
establish causation.

6.    Plaintiffs contend that no expert testimony is required that
RSKCO breached the standard of care in failing to provide its experts with all of
Mr. Backman's medical records.  The DCD never found that RSKCO negligently
or intentionally withheld medical records from Drs. Diamond and Holmes.  The
records that were reviewed were provided to Drs. Diamond and Holmes by WOK.

Dr. Graham's surgical request was made only after reviewing the December 2000 MRI, which was the same study reviewed by Drs. Diamond and Holmes. Dr. Graham recognized that the dispute regarding the need for surgery at C4-5 arose because his interpretation of the MRI differed from the radiologist's interpretation and Dr. Graham in fact recommended that Dr. Holmes review the MRI to resolve this dispute. Expert testimony is required to establish the standard of care in providing records for an expert's review.

7.    Plaintiffs contend that expert testimony is not required to prove that RSKCO's conduct caused Mr. Backman's death. As discussed above, there was no finding that RSKCO's conduct or that the delay in surgery caused Mr. Backman's death.

Accordingly, expert testimony is necessary to establish that RSKCO acted in bad faith and caused Plaintiffs' injuries.

D.    RSKCO's Denial Is Not Bad Faith

Plaintiffs erroneously contend that neither Drs. Diamond nor Holmes opined that surgery was not necessary. See page 20 of Plaintiffs' Opposition. Both Drs. Diamond and Holmes questioned the need for surgery at the C4-5 level. Dr. Holmes specifically that surgery was not necessary at the C4-5 level.

Plaintiffs' contentions that selected medical records were provided to independent physicians in order to control their opinions and that RSKCO dropped

off the denial letter to Mr. Backman rather than mailing it are without evidentiary support.  <u>See</u> page 20 of Plaintiffs' Opposition.

In the absence of expert testimony, Plaintiffs cannot establish that these acts are breaches of the standard of care giving rise to bad faith.

E.    <u>RSKCO Did Not Mislead The Medical Examiners</u>

Plaintiffs contend that RSKCO attempted to mislead Dr. Graham by asking Dr. Graham the basis for his surgical request.  <u>See</u> page 21 of Plaintiffs' Opposition.  Plaintiffs present no evidence that requesting justification for the surgical request is improper.  WOK contacted Dr. Diamond to review the surgical request two days after the request was submitted to RSKCO.

Plaintiffs' opposition misstates WOK's request to Drs. Diamond and Holmes.  WOK requested that Dr. Diamond determine whether surgery as requested by Dr. Graham was required for Mr. Backman's injury.  <u>See</u> Exhibit 14 to RSKCO's Concise Statement of Facts  ("CSOF").  WOK requested that Dr. Holmes state whether he agrees with Dr. Graham.  <u>See</u> Exhibit 24 to CSOF.

F.    <u>The Failure to Pay Benefits Is Not Bad Faith</u>

Plaintiffs contend that the non-payment of PPD benefits is still an issue because the workers' compensation case will be appealed to the Hawaii Supreme Court.  <u>See</u> page 24 of Plaintiffs' Opposition.  The issue in the instant case is whether the non-payment of PPD benefits constitutes bad faith.  Continental

Casualty appealed the DCD June 25, 2003 Decision to the Labor and Industrial

Relations Appeals Board ("LAB") and the LAB not only stayed payment of PPD

benefits but also reversed the DCD Decision.  Therefore, the non-payment of PPD

benefits cannot constitute bad faith.

Plaintiffs also contend that the late payment of TTD benefits was done

in bad faith.  See page 24 of Plaintiffs' Opposition.  However, Plaintiffs cannot

present any evidence that the late payments were due to any bad faith by RSKCO.

G.    Plaintiffs' Claims Arising Prior To October 28, 2001 Are Barred
      By The Statute Of Limitations.

Plaintiffs' contend that the statute of limitations did not begin to run

until Mr. Backman died on January 2, 2002 because they did not suffer any injuries

until his death.  See page 25 of Plaintiffs' Opposition.

With respect to Mr. Backman's claims, Plaintiffs assert that RSKCO's

conduct "caused Daniel Backman's last 343 days of life to be unbearably

miserable." See page 28 of Plaintiffs' Opposition.  Plaintiffs asserted that RSKCO's

conduct "resulting in further and lengthy delays in getting his much needed

surgery, resulting in severe pain, suffering, emotional distress and ultimately

resulting in the death of Daniel Vernon Backman." See paragraph No. 1 at pages 2-

3 of the First Amended Complaint attached as Exhibit "2" to CSOF.  Plaintiffs also

asserted that Mr. Backman "suffered from depression and anxiety and this was

further exacerbated by the repeated attempts by Defendant RSKCO to deny

approval of his surgery request." See paragraph No. 36 at page 13 of Exhibit "2."

All of these alleged injuries to Mr. Backman by Plaintiffs own

admission began with the alleged delays when RSKCO failed to approve the

surgical request within 7 days after its submission. Therefore, Mr. Backman's cause

of action for bad faith relating to the surgical request accrued prior to October 29,

2001. Since Plaintiffs did not file their complaint until October 29, 2003, Mr.

Backman's bad faith cause of action is barred.

With respect to Julie Backman's and the minors' claims, Plaintiffs

admit that they did not suffer any damages or losses until Mr. Backman's death.

See page 26 of Plaintiffs' Opposition. Plaintiffs' claims are apparently based upon

the loss of consortium theory. Since loss of consortium is a derivative claim, the

loss of consortium claim is barred if Mr. Backman's claim is also barred. Brown v.

KFC National Management Co., 82 Hawai'i 226, 241, 921 P.2d 146, 161 (1996).

Plaintiffs argue that they could not file a complaint for bad faith until

they exhausted their administrative remedies at the DCD. See page 26 of

Plaintiffs' opposition. A similar argument was rejected by the Hawaii Supreme

Court in Hough, supra. Since the bad faith and breach of contract claims do not

arise under HRS Chapter 386, the DCD does not have original jurisdiction over

these claims.  Hough v. Pacific Insurance Company, Ltd., 83 Hawaii at 466, 927

P.2d at 867.

Plaintiffs alleged bad faith cause of action is based upon the alleged

untimely denial of the surgical request due to the alleged intentional delays in

providing medical records to and obtaining a medical opinion from independent

medical examiners. Therefore, there were no administrative remedies to exhaust

because the DCD had no jurisdiction over the alleged bad faith claims.

H.     As a Matter of Law, RSKCO's Actions Do Not Warrant the
       Imposition of Punitive Damages

The undisputed facts of this case do not warrant the imposition of

punitive damages.  In State Farm Automobile Insurance Co v. Campbell,

538 U.S. 408, 123 S.Ct. 1513 (2003), the United States Supreme Court  reiterated

the circumstances where punitive damages awards may be appropriate and stated:

> "[T]he most important indicium of the reasonableness of
> a punitive damages award is the degree of
> reprehendsibility of the defendant's conduct."... We have
> instructed courts to determine the reprehensibility of a
> defendant by considering whether: the harm caused was
> physical as opposed to economic; the tortious conduct
> evinced an indifference to or a reckless disregard of the
> health or safety of others; the target of the conduct had
> financial vulnerability; the conduct involved repeated
> actions or was an isolated incident; and the harm was the
> result of intentional malice, trickery, or deceit, or mere
> accident... The existence of any one of these factors
> weighing in favor of a plaintiff may not be sufficient to
> sustain a punitive damages award; and the absence of all
> of them renders any award suspect.  It should be

<blockquote>
presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.
</blockquote>

538 U.S. at 419, 123 S.Ct. at 1521 (Citations Omitted) (Emphasis added.)

Plaintiffs have presented no evidence from which a reasonable fact finder could conclude that RSKCO acted "reprehensibly" in its actions towards Plaintiffs. There are no material issues of fact with respect to RSKCO's actions which would prevent this court from finding that the imposition of punitive damages would be unwarranted, as a matter of law.

In order to support their position that there is a question of fact with regard to the bad faith and punitive damages claims, Plaintiffs rely upon the alleged violation of HAR, Rule 12-15-51 and the alleged withholding of medical information from Drs. Diamond and Holmes. However, they cannot present any expert testimony that such conduct is a breach of the standard of care and constitutes bad faith practices.

If the Court grants summary judgment with respect to Plaintiffs' claim of bad faith, then summary judgment should also be granted with respect to any claim for punitive damages -- clearly if RSKCO did not act with bad faith then it obviously did not act with "malice," "oppression," or "fraud." Phelps v. Provident Life and Acc. Ins. Co., 60 F.Supp.2d 1014, 1025 (C.D.Cal. 1999). But, even if

summary judgment is not granted with respect to Plaintiffs' claim for bad faith, it is still appropriate with respect to Plaintiffs' claim for punitive damages. Plaintiffs cannot provided clear and convincing evidence that RSKCO acted reprehensibly, as set forth in <u>Campbell</u>, or wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or engaged in willful misconduct or an entire want of care which would raise the presumption of a conscious indifference to consequences.

There is simply no evidence sufficient to support a punitive damage award in this case and, thus, summary judgment is appropriate with respect to Plaintiffs' claim for punitive damages.

II.    <u>CONCLUSION</u>

Based upon the forgoing, RSKCO respectfully requests that all of Plaintiffs claims be dismissed.

DATED:  Honolulu, Hawaii, March 17, 2006.

/s/ Edquon Lee
GEORGE W. BRANDT
STEFAN M. REINKE
BONNIE L. MOORE
EDQUON LEE
Attorneys for Defendant
RSKCO SERVICES, INC.

15941 MEMO 02 PEL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIA M. BACKMAN, individually and on Behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN, Minors, | ) ) ) ) ) ) ) | CIVIL NO. 04-00348 (HG KSC) (Contract) CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| RSKCO SERVICES, INC., a Illinois corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within document was

duly served on the following:

15941 MEMO 02 PEL

|  | PERSONAL |
| MAIL | SERVICE |

ROBERT D. KAWAMURA, ESQ.
550 Halekauwila Street, Suite 107
Honolulu, Hawaii  96813
    Attorney for Plaintiffs
    JULIA M. BACKMAN, individually and on Behalf
    of the ESTATE OF DANIEL VERNON
    BACKMAN, and as Next Friend to KELLY KEIKO
    VALENE BACKMAN and JODI LEIGH
    YACHIYO BACKMAN, Minors        _____    \_\_\_X\_\_\_

        DATED:  Honolulu, Hawaii, March 17, 2006.


                /s/ Edquon Lee_____
                GEORGE W. BRANDT
                STEFAN M. REINKE
                BONNIE L. MOORE
                EDQUON LEE
                Attorneys for Defendant
                RSKCO SERVICES, INC.

15941 MEMO 02 PEL