AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually and on behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN, Minors<br><br>Plaintiffs,<br>vs.<br><br>RSKCO SERVICES, INC. a Illinois corporation; JOHN DOES 1-10, JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:   04-00348 (HG KSC)<br>(Contract) |

TO:   **Custodian of Records for Department of Labor and Industrial Relations, Appeals Board, 830 Punchbowl Street, Honolulu, Hawaii 96813**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Honolulu Reporting Services, 1000 Bishop Street, Suite 401 Honolulu, Hawaii 96813, (808) 524-6288** | **March 31, 2006 at 9:00 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above (list documents or objects):

**Any and all records pertaining to DANIEL VERNON BACKMAN, Date of Birth: January 16, 1959, Social Security number: 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**

| PLACE: | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ EDQUON LEE, ESQ., Attorney for Defendant RSKCO Services, Inc. | MAR 16 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
EDQUON LEE, ESQ., Lyons, Brandt, Cook & Hiramatsu, 1800 Davies Pacific Center
841 Bishop Street, Honolulu, Hawaii 96813, (808) 524-7030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE | SERVED |
|---|---|---|
| 3/20/06 9:25AM | 830 Punchbowl St. HON. HI. 96813 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| COR JESSIE SATO | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| REMI M. TAUM | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____3/20/06_____

_signature_ Jessie Sato

SIGNATURE OF SERVER _(signed)_ REMI M. TAUM

ADDRESS OF SERVER  1326 Lopaka Place
Kailua, Hawaii 96734

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
BONNIE L. MOORE  7138-0
EDQUON LEE  3845-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
         sreinke@lbchlaw.com
         bmoore@lbchlaw.com
         elee@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

LODGED
FEB 1 4 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 2 1 2006
at __9__ o'clock and _20_ min._A_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually ) and on Behalf of the ESTATE OF ) DANIEL VERNON BACKMAN, ) and as Next Friend to KELLY KEIKO ) VALENE BACKMAN and JODI ) LEIGH YACHIYO BACKMAN, ) Minors, ) )           Plaintiffs, ) ) vs. ) ) RSKCO SERVICES, INC., a Illinois ) corporation; JOHN DOES 1-10; ) JANE DOES 1-10; DOE ) | CIVIL NO. 04-00348 (HG KSC) (Contract) SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS |

```
PARTNERSHIPS 1-10, DOE            )
CORPORATIONS 1-10; DOE            )
LIMITED LIABILITY                 )
ENTITIES 1-10; DOE                )
"NON-PROFIT" CORPORATIONS         )
1-10; and DOE GOVERNMENTAL        )
ENTITIES 1-10,                    )
                                  )
              Defendants.         )
_____)
```

## SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

### OBJECTIVE

To facilitate the release of records containing protected health information and/or other private and confidential information of Plaintiffs JULIA M. BACKMAN, individually and on Behalf of the ESTATE OF DANIEL VERNON BACKMAN, and as Next Friend to KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN (collectively referred to as "Plaintiffs"), Minors to the parties in the above-entitled legal proceeding for purposes of discovery, case evaluation and preparation for arbitration, mediation, settlement and/or trial while ensuring the confidentiality of information contained in the files of the Department of Human Services, State of Hawaii ("DHS"), as set forth in Section 350-1.4 of the Hawaii Revised Statutes and of the confidentiality

of information contained in the files of the Department of Labor and Industrial Relations, State of Hawaii ("DLIR").

## STIPULATION

It is hereby stipulated and agreed by and between the respective parties hereto, through their respective counsel, that Plaintiffs' confidential information concerning and/or relating to JULIA M. BACKMAN, DANIEL VERNON BACKMAN, KELLY KEIKO VALENE BACKMAN and JODI LEIGH YACHIYO BACKMAN (collectively referred to as "Backmans") contained in files maintained by DHS and DLIR is confidential information and, therefore, the disclosure of this information shall be conducted pursuant to the following terms, restrictions and conditions.

1. Backmans' confidential DHS and DLIR information shall be disclosed only to each counsel of record in this action and to other individuals, including other attorneys, employees, agents, insurance company personnel and retained experts, who are employed by or assist the counsel of record in the preparation for and/or at the trial of this action. Backmans' confidential DHS and DLIR information may also be disclosed as reasonably necessary and/or required to arbitrators, mediators, the Court, authorized Court personnel and to members of an empanelled jury in this proceeding.

2. Consistent with the stated Objective of this Order, the counsel of record for each party shall be responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of Backmans' confidential DHS and DLIR information.

3. Within sixty (60) days following the conclusion of this action, including the exhaustion of any appeals, each party's counsel shall retrieve all of Backmans' confidential DHS and DLIR information that was supplied to an arbitrator and/or mediator and/or expert in this proceeding, and counsel for each party shall:

(a) return all copies of Backmans' confidential DHS and DLIR information to Plaintiffs' counsel, except for the records described in paragraph 5; and/or

(b) provide satisfactory assurances to Plaintiffs and their counsel that, except for the records described in paragraph 5, all copies of Backmans' confidential DHS and DLIR information not returned, including, but not limited to, all copies stored on electronic, photographic, and/or any other media, and all writing and data compilations thereof, have been destroyed.

4. All of Backmans' confidential DHS and DLIR information shall be used solely for the purpose of litigating and/or pursuing a settlement of this

action. Except for the limited purposes described herein and in paragraph 5, any other use of Backmans' confidential DHS and DLIR information is prohibited.

5. Nothing herein is intended to effect, nor shall it effect:

(a) the health information collection, maintenance, and record keeping obligations of DHS and DLIR or any health care provider-party or health care entity-party herein that is imposed by state and/or federal law, and which may conflict with the terms of this Order; and/or

(b) the maintenance and record keeping obligations of any insurance carrier involved in this proceeding which may conflict with the terms of this Order.

6. The production of Backmans' confidential DHS and DLIR information shall not constitute a waiver of any attorney-client privilege or other claim or right of withholding or confidentiality that he may have.

7. This Court shall retain jurisdiction to enforce this Order. Subject to any contrary provision of federal law, no citation, contempt or other sanction shall be imposed pursuant to Hawaii law without a hearing and proof to the satisfaction of the Court that Backmans' confidential DHS and DLIR information was improperly disclosed.

8. Neither the termination of this action nor the termination of employment of any person who has had access to any of Backmans' confidential

DHS and DLIR information or the contents thereof shall relieve any such person from the obligation of maintaining the confidentiality of such information.

9. Each counsel who requests via a subpoena duces tecum and/or by any other means any of Backmans' confidential DHS and DLIR information shall attach a true, accurate and legible photocopy of the filed Second Stipulated Qualified Protective Order for Records of the Department of Human Services and Department of Labor and Industrial Relations as an exhibit to each such request.

10. The Court hereby orders DHS and DLIR to produce all requested records relating to JULIA M. BACKMAN, DANIEL VERNON BACKMAN, KELLY KEIKO VALENE BACKMAN and/or JODI LEIGH YACHIYO BACKMAN in accordance with Hawaii law.

DATED: Honolulu, Hawaii, _____ FEB 1 4 2006 _____.

_____
GEORGE W. BRANDT
STEFAN M. REINKE
BONNIE L. MOORE
EDQUON LEE
Attorneys for Defendant
RSKCO SERVICES, INC.

---

Julia M. Backman, et al. v. RSKCO Services, Inc., et al., Civil No. 04-00348 (HG KSC), United States District Court, District of Hawaii, SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

_____
ROBERT D. KAWAMURA
Attorney for Plaintiffs
JULIA M. BACKMAN, individually
and on Behalf of the ESTATE OF
DANIEL VERNON BACKMAN, and
as Next Friend to KELLY KEIKO
VALENE BACKMAN and JODI
LEIGH YACHIYO BACKMAN,
Minors

APPROVED AND SO ORDERED:

KEVIN S.C. CHANG
_____
JUDGE OF THE ABOVE-ENTITLED COURT

_____
Julia M. Backman, et al. v. RSKCO Services, Inc., et al., Civil No. 04-00348 (HG KSC), United States District Court, District of Hawaii, SECOND STIPULATED QUALIFIED PROTECTIVE ORDER FOR RECORDS OF THE DEPARTMENT OF HUMAN SERVICES AND DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS