LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
EDQUON LEE  3845-0
BONNIE L. MOORE  7138-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
       sreinke@lbchlaw.com
       elee@lbchlaw.com
       bmoore@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually  ) | CIVIL NO. 04-00348 (HG KSC) |
| and on Behalf of the ESTATE OF      ) | (Contract) |
| DANIEL VERNON BACKMAN, and) | |
| as Next Friend to KELLY KEIKO      ) | DECLARATION OF EDQUON LEE |
| VALENE BACKMAN and JODI        ) | |
| LEIGH YACHIYO BACKMAN,          ) | |
| Minors,                                            ) | |
|                  ) | |
|         Plaintiffs,          ) | |
|                  ) | |
|        vs.                            ) | |
|                  ) | |

RSKCO SERVICES, INC., a Illinois    )
corporation; JOHN DOES 1-10;        )
JANE DOES 1-10; DOE                 )
PARTNERSHIPS 1-10, DOE              )
CORPORATIONS 1-10; DOE             )
LIMITED LIABILITY                   )
ENTITIES 1-10; DOE "NON-            )
PROFIT" CORPORATIONS 1-10;         )
and DOE GOVERNMENTAL               )
ENTITIES 1-10,                      )
                                    )
                Defendants.         )
_____)

## DECLARATION OF EDQUON LEE

EDQUON LEE affirms and declares:

1.      Declarant is an attorney duly licensed to practice law in the

State of Hawaii and one of the attorneys for Defendant RSKCO SERVICES, INC.

("Defendant") in the above-captioned matter and submits this Declaration based

upon his personal knowledge of the matters contained herein.

2.      A settlement of all claims in the above-captioned matter was

reached on March 21, 2006.  The settlement was placed on the record before the

Honorable Kevin S.C. Chang.

3.      On April 11, 2006, a Settlement Agreement, Joint Tortfeasor

Release and Indemnification Agreement ("Agreement") was finalized and executed

by JULIA M. BACKMAN, individually and as Personal Representative of the

ESTATE OF DANIEL VERNON BACKMAN and as Next of Friend and Guardian

of the Property of KELLY KEIKO VALENE BACKMAN ("Kelly") and JODI

LEIGH YACHIYO BACKMAN ("Jodi").

      4.      Jodi was born on September 18, 1998, and Kelly was born on

May 14, 1993.

      5.      The Agreement required Plaintiffs to obtain the appropriate

court approvals and appointment of a guardian of the property for Kelly and Jodi.

      6.      Section 8 at page 9 of the Agreement provides the following:

> Court Approval.  Releasors agree, represent and warrant
> that they have, or will, obtain and secure (1) appropriate
> court approval of this settlement and (2) the appointment
> of guardians of the property of KELLY KEIKO VALENE
> BACKMAN and JODI LEIGH YACHIYO BACKMAN.
> Releasors agree in obtaining court approval to file and
> keep all court pleadings and exhibits under seal, and to
> use their best efforts to keep the terms of this Agreement
> confidential in all court proceedings.  Releasors shall
> notify Releasees of the pendency of court hearings and
> keep Releasees informed as to the progress of Releasors
> in obtaining court approvals for this Agreement.

      7.      The settlement involved the purchase of an annuity to provide

future periodic payments to Jodi and Kelly.  The annuity insurance company

requires court approval of the settlement before it will issue the annuity policy.  In

order to lock in the annuity payments, Defendant had to fund the annuity shortly

after the settlement was reached.

8.      Between April 11, 2006 through November 1, 2006, Declarant e-mailed and left numerous messages with Plaintiffs' counsel, Robert Kawamura, requesting the court order approving the settlement.

9.      On November 2, 2006, a status conference was held before Judge Chang to determine the status of the court approvals.  At that time, Plaintiffs' counsel advised that he was experiencing a problem with his paralegal and, as a result, was not able to have the petition requesting court approval of the settlement processed with the Hawaii State Court.  However, Plaintiffs' counsel advised that he would take care of the problem and have the petition filed before the end of November 2006.

10.     Between November 28, 2006 through December 20, 2006, Declarant e-mailed and left messages with Mr. Kawamura requesting the court order approving the settlement, the status of obtaining the court approval of the settlement and a filed stamped copy of the petition requesting court approval of the settlement.

11.     As of the date of this declaration, Plaintiffs have not provided a court order approving the settlement, nor have they provided a file stamped copy of the petition requesting court approval of the settlement which would show that they have at least initiated an action to obtain the necessary court approvals.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, January 4, 2007.

/s/ Edquon Lee
EDQUON LEE