LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
EDQUON LEE  3845-0
BONNIE L. MOORE  7138-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
         sreinke@lbchlaw.com
         elee@lbchlaw.com
         bmoore@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually ) and on Behalf of the ESTATE OF ) DANIEL VERNON BACKMAN, and ) as Next Friend to KELLY KEIKO ) VALENE BACKMAN and JODI ) LEIGH YACHIYO BACKMAN, ) Minors, ) ) Plaintiffs, ) ) vs. ) ) ) | CIVIL NO. 04-00348 (HG KSC) (Contract)  MEMORANDUM IN SUPPORT OF MOTION |

| | |
|---|---|
| RSKCO SERVICES, INC., a Illinois corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant RSKCO SERVICES, INC. ("Defendant"), and Plaintiff JULIA M. BACKMAN ("Ms. Backman"), individually and as Next Friend to KELLY KEIKO VALENE BACKMAN ("Kelly") and JODI LEIGH YACHIYO BACKMAN ("Jodi") (collectively, "Backman Children"), minors, agreed to a settlement of all claims in this case on March 21, 2006.  The settlement was placed on the record before the Honorable Kevin S.C. Chang.

A Settlement Agreement, Joint Tortfeasor Release and Indemnification Agreement ("Agreement") was finalized and executed by Ms. Backman on April 11, 2006.[1]  See Declaration of Edquon Lee.

---

[1] The Agreement contains a confidentiality provision.  As a result, the Agreement is not attached as an exhibit to this Motion.  Defendant will produce the Agreement in camera if the court desires to review the Agreement.

15941 MEMO 02 PEL

2

Since claims of minors were being settled, the Agreement required Plaintiffs to obtain the appropriate court approvals and appointment of a guardian of the property for the Backman Children.  See Declaration of Edquon Lee.

On January 4, 2007, Defendant filed a Motion to Compel Compliance With Settlement Agreement [Docket 81].  A hearing was held on February 2, 2007, and the Motion to Compel Compliance With Settlement Agreement was granted and Plaintiffs were ordered to file a Petition to obtain court approval of the settlement of the claims of Kelly and Jodi [Docket 84].[2]

Plaintiffs filed their Petition for Appointment of Conservator and for Authority to Compromise Claim ("Petition") on March 23, 2007, C. No. 07-1-0032, Circuit Court of the First Circuit, State of Hawaii.  According to the Hawaii State Judiciary Ho'ohiki system, the hearing on the Petition was held on September 21, 2007.  The court orally granted the Petition with instructions that Plaintiffs' counsel, Robert Kawamura, was to prepare the order with terms that were stated on the record.

Despite repeated requests for a copy of the order approving the Petition and settlement and/or the status of Plaintiffs' attempt to obtain entry of said

---

[2] Despite being ordered to provide Defendant with a filed stamped copy of the Petition, Plaintiffs failed to provide said Petition.  Since Plaintiffs' counsel ignored Defendant's counsel's repeated requests for a copy of the Petition, Defendant's counsel was compelled to obtain a copy through the Circuit Court of the First Circuit and subsequently notified the Court that the petition had been filed [Docket 86].

15941 MEMO 02 PEL                                                    3

order, Plaintiffs and Mr. Kawamura have failed to respond to all of Defendant's requests for information and have failed to provide said order. See Declaration of Edquon Lee.

Court approval of the settlement of the Backman Children's claims is necessary because they are minors. Jodi was born on September 18, 1998, and Kelly was born on May 14, 1993. The settlement involved the purchase of an annuity to provide future periodic payments to the Backman Children. The annuity insurance company will not issue the annuity policy and cannot make any payments to the Backman Children until it receives an order approving the settlement of Backman Children's claims. In order to lock in the annuity payments, Defendant had to fund the annuity shortly after the settlement was reached.

Defendant is concerned that Ms. Backman is not aware of the necessity of an order approving the settlement and the effect the failure to obtain such an order would have on payment of the annuity to the Backman Children. Defendant is also concerned that Ms. Backman may not be aware of Mr. Kawamura's apparent inaction in obtaining an order approving the settlement.

Accordingly, Defendant respectfully requests that the Court issue an order compelling Plaintiffs to comply with the Agreement by providing the appropriate court approvals and appointment of a guardian of the property for the Backman Children. Defendant further requests that Ms. Backman be ordered to

personally appear before the Court to ensure that she is fully informed of the present situation with respect to the order approving the Petition and to show cause as to why she has not complied with the terms of the Agreement. Since this is the second time Defendant has had to bring a motion to compel due to Plaintiffs' non-responsiveness, Defendant also requests that it be awarded fees and costs for having to bring this Motion.

        DATED: Honolulu, Hawaii, March 19, 2008.

                                   /s/ Edquon Lee  
                                   GEORGE W. BRANDT  
                                   STEFAN M. REINKE  
                                   EDQUON LEE  
                                   BONNIE L. MOORE  
                                   Attorneys for Defendant  
                                   RSKCO SERVICES, INC.