LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT  1181-0
STEFAN M. REINKE  3747-0
EDQUON LEE  3845-0
BONNIE L. MOORE  7138-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  gbrandt@lbchlaw.com
          sreinke@lbchlaw.com
          elee@lbchlaw.com
          bmoore@lbchlaw.com

Attorneys for Defendant
RSKCO SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIA M. BACKMAN, individually ) | CIVIL NO. 04-00348 (HG KSC) |
| and on Behalf of the ESTATE OF    ) | (Contract) |
| DANIEL VERNON BACKMAN, and) | |
| as Next Friend to KELLY KEIKO    ) | DECLARATION OF EDQUON LEE |
| VALENE BACKMAN and JODI    ) | |
| LEIGH YACHIYO BACKMAN,    ) | |
| Minors,    ) | |
|     ) | |
|             Plaintiffs,    ) | |
|     ) | |
|         vs.    ) | |
|     ) | |

RSKCO SERVICES, INC., a Illinois )
corporation; JOHN DOES 1-10; )
JANE DOES 1-10; DOE )
PARTNERSHIPS 1-10, DOE )
CORPORATIONS 1-10; DOE )
LIMITED LIABILITY )
ENTITIES 1-10; DOE "NON- )
PROFIT" CORPORATIONS 1-10; )
and DOE GOVERNMENTAL )
ENTITIES 1-10, )
                                                     )
                    Defendants. )
_____)

## DECLARATION OF EDQUON LEE

EDQUON LEE affirms and declares:

1.      Declarant is an attorney duly licensed to practice law in the

State of Hawaii and one of the attorneys for Defendant RSKCO SERVICES, INC.

("Defendant") in the above-captioned matter and submits this Declaration based

upon his personal knowledge of the matters contained herein.

2.      A settlement of all claims in the above-captioned matter was

reached on March 21, 2006.  The settlement was placed on the record before the

Honorable Kevin S.C. Chang.

3.      On April 11, 2006, a Settlement Agreement, Joint Tortfeasor

Release and Indemnification Agreement ("Agreement") was finalized and executed

by JULIA M. BACKMAN, individually and as Personal Representative of the

ESTATE OF DANIEL VERNON BACKMAN and as Next of Friend and Guardian

of the Property of KELLY KEIKO VALENE BACKMAN ("Kelly") and JODI

LEIGH YACHIYO BACKMAN ("Jodi").

4.     Jodi was born on September 18, 1998, and Kelly was born on

May 14, 1993.

5.     The Agreement required Plaintiffs to obtain the appropriate

court approvals and appointment of a guardian of the property for Kelly and Jodi.

6.     Section 8 at page 9 of the Agreement provides the following:

> Court Approval.  Releasors agree, represent and warrant
> that they have, or will, obtain and secure (1) appropriate
> court approval of this settlement and (2) the appointment
> of guardians of the property of KELLY KEIKO VALENE
> BACKMAN and JODI LEIGH YACHIYO BACKMAN.
> Releasors agree in obtaining court approval to file and
> keep all court pleadings and exhibits under seal, and to
> use their best efforts to keep the terms of this Agreement
> confidential in all court proceedings.  Releasors shall
> notify Releasees of the pendency of court hearings and
> keep Releasees informed as to the progress of Releasors
> in obtaining court approvals for this Agreement.

7.     The settlement involved the purchase of an annuity to provide

future periodic payments to Jodi and Kelly.  The annuity insurance company

requires court approval of the settlement before it will issue the annuity policy.  In

order to lock in the annuity payments, Defendant had to fund the annuity shortly

after the settlement was reached.

8.     On January 4, 2007, Defendant filed a Motion to Compel

Compliance With Settlement Agreement [Docket 81].  A hearing was held on

February 2, 2007 and the Motion to Compel Compliance With Settlement

Agreement was granted and Plaintiffs were ordered to file a Petition to obtain court

approval of the settlement of the claims of Kelly and Jodi [Docket 84].

       9.    Despite being ordered to provide Defendant with a filed

stamped copy of the Petition, Plaintiffs failed to provide said Petition.  Since

Plaintiffs' counsel ignored Defendant's counsel's repeated requests for a copy of the

Petition, Defendant's counsel was compelled to obtain a copy through the Circuit

Court of the First Circuit and subsequently notified the Court that the petition had

been filed [Docket 86].

       10.    Plaintiffs filed their Petition for Appointment of Conservator

and for Authority to Compromise Claim ("Petition") on March 23, 2007,

C. No. 07-1-0032, Circuit Court of the First Circuit, State of Hawaii.  According to

the Hawaii State Judiciary Ho'ohiki system, the hearing on the Petition was held on

September 21, 2007.  The court orally granted the Petition with instructions that

Plaintiffs' counsel, Robert Kawamura, was to prepare the order with terms that

were stated on the record.

       11.    On November 5, 2007, Declarant e-mailed and left a message

with Mr. Kawamura requesting the court order approving the settlement.

Mr. Kawamura did not respond.

12.     On December 6, 2007, Declarant e-mailed Mr. Kawamura and requested information concerning when Mr. Kawamura anticipated entry of the order approving the settlement.  Mr. Kawamura did not respond.

13.     On December 14, 2007, Declarant e-mailed Mr. Kawamura and requested a status of the attempt to obtain a written court order approving of the Backman Children's settlement.  Mr. Kawamura did not respond.

14.     On December 28, 2007, Declarant faxed a letter to Mr. Kawamura and requested the status of entry of the written order approving of the Backman Children's settlement since Judge Colleen Hirai orally granted the Petition on September 21, 2007.  Declarant advised Mr. Kawamura that he would request another hearing with the Court if Mr. Kawamura failed to respond. Mr. Kawamura did not respond.

15.     On January 11, 2008, Declarant e-mailed Mr. Kawamura requesting that the parties schedule a status conference with the Court in February 2008 concerning the court approval of the settlement.  Mr. Kawamura did not respond.

16.     On March 12, 2008, Declarant e-mailed Mr. Kawamura and requested the status of entry of the written order approving of the Backman Children's settlement and stated that he would file a motion and request that Julia

Backman attend the hearing to ensure that Ms. Backman was aware of the situation if Mr. Kawamura failed to respond.  Mr. Kawamura did not respond.

17.    On March 12, 2008, Declarant facsimiled a letter to Mr. Kawamura and requested the status of entry of the written order approving of the Backman Children's settlement.  Declarant advised Mr. Kawamura that if he failed to provide a satisfactory response regarding attempts to obtain entry of the written order approving of the Backman Children's settlement by March 17, 2008, Declarant would file a motion and request that the Court order Ms. Backman to appear at the hearing with Mr. Kawamura to explain the reason for the delay in obtaining the written order and to inform Ms. Backman that payments cannot be made to the Backman Children without entry of the written order.

18.    As of the date of this declaration, Plaintiffs have not provided a court order approving the settlement, nor has Mr. Kawamura responded to any of Declarant's requests for information.

19.    Defendant is concerned that Ms. Backman is not aware of the necessity of an order approving the settlement and the effect the failure to obtain such an order would have on payment of the annuity to the Backman Children.

20.    Defendant is also concerned that Ms. Backman may not be aware of Mr. Kawamura's apparent inaction in obtaining an order approving the settlement.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, March 19, 2008.


/s/ Edquon Lee
EDQUON LEE